UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANGELIQUE LEWIS,

                        Plaintiff,

                                              **COMPLAINT  AND
                                              JURY DEMAND**


            -against-

THE CITY OF NEW YORK, Police Officer
JOHN DOE NUMBER 1 through 10, each officer in
His individual and official capacity as an employee
Of the City of New York,

                        Defendants.
----------------------------------------------------------X

The Plaintiff, ANGELIQUE LEWIS, by her attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§§ 1981, 1983, and 1988, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating her rights under the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is

further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4.    Plaintiff filed a Notice of Claim on January 6, 2016.

5.    At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

## JURISDICTION

6.    This Court has subject matter jurisdiction over the federal claims

pursuant to 28 U.S.C. §§ 1331 and 1343.   Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

7. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

8. Plaintiff ANGELIQUE LEWIS  ("plaintiff" or "Ms. Lewis") is of proper age to commence this lawsuit.

9. Defendant City of New York is a municipal corporation organized under the laws of the State of New York.  It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

10.   At all times relevant defendants John Doe One through Ten were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John Doe One through Ten.

11.   At all times relevant times herein, defendants John Doe One through Ten were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John Doe One through Ten are sued in their individual and official capacities

12.   At all times relevant herein, all individual defendants were acting under color of state law.

13.   The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

14.     The City was at all material times the public employer of defendant officers named herein.

**FACTUAL ALLEGATIONS**

15.     Plaintiff is an African-American female, a college student who was once a tenant at 704 Lefferts Avenue, Brooklyn, New York.

16.     On or about October 8, 2015, at approximately 8:30 pm, plaintiff was eight (8) months pregnant and naked in the shower when she heard a commotion.

17.     Male defendants JOHN DOE 1 through 3 knocked down the bathroom door and ordered plaintiff to get dressed while questioning plaintiff about alleged illegal activities.

18.     Plaintiff, pregnant at the time, was in distress, and attempted to explain to defendants that she was merely renting a room and had no knowledge of other occupants of the house.

19.     Defendants dismissed plaintiff's explanations and arrested plaintiff.

20.     Defendant Police Officer JOHN DOE 4 through 7 dragged plaintiff away in handcuffs and into a windowless van.

21.     Plaintiff felt ill and asked defendants for medical assistance.

22.     The defendants denied plaintiff medical assistance and transported her to the 71st precinct where plaintiff remained in handcuffs for several more hours without any food or water.

23.    Once at the precinct, plaintiff asked for medical attention stating that she was pregnant and did not feel well.

24.    Defendants denied plaintiff medical attention yet again.

25.    At the precinct, the defendants falsely informed members of the Kings County District Attorney's Office that they observed plaintiff committing various crimes.

26.    The allegations were completely false.

27.    At no point did the defendants observe plaintiff committing any crimes or offenses nor was plaintiff the subject of any search or arrest warrant in this case.

28.    Ultimately plaintiff was taken from the police precinct to Brooklyn Central Booking.

29.    False charges were levied against plaintiff in the Criminal Court.

30.    All charges against plaintiff were false.

31.    Ultimately all charges against plaintiff were dismissed.

32.    At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

33.    Defendants employed unnecessary and unreasonable force against the plaintiff.  Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct.   The officers intentionally used

excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

34.   The conduct of the defendant officers in assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.  All of the events complained of above have left permanent emotional scars that the plaintiff will carry with her for the remainder of her life.

35.   At no time did plaintiff assault or attempt to assault any officer, nor did she present a threat or perceived threat to the personal safety of any officer or civilian so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct herself in any manner that would warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

36.   All of the above was done in violation of federal and state law.

37.   As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature.

38.   The conduct of the defendant officers in assaulting the plaintiff and denying her medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

39.     As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

i.      Violation of her constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

ii.     Loss of her physical liberty;

40.      The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

i.      Freedom from the unreasonable seizure of her person;

ii.     Freedom from the use of excessive, unreasonable and unjustified force against her person.

## FIRST CLAIM
## False Arrest

41.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

42.     Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

43.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
## State Law False Imprisonment and False Arrest

44.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

45.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

46.     Plaintiff was conscious of her confinement.

47.     Plaintiff did not consent to her confinement.

48.     Plaintiff's confinement was not otherwise privileged.

49.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

50.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein

**THIRD CLAIM**
**State Law Assault and Battery**

51.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

52.     By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

53.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

54.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein

**FOURTH CLAIM**
**Unreasonable Force**

55.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

56.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

57.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Denial Of Constitutional Right To Fair Trial

58.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.    The individual defendants created false evidence against Plaintiff.

60.    The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

61.    In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

62.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

63.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

64.    Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

65.    Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

66.    As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CLAIM**
**Negligent Hiring/Training/Retention/Supervision Of**
**Employment Services**

67.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

68.    Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

69.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

70.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

71.     Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

72.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Intentional Infliction of Emotional Distress

73.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

74.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon Plaintiff.

75.     The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

76.     Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

77.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

### NINTH CLAIM
### Negligent Infliction of Emotional Distress

78.     Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

79.     By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon Plaintiff.

80.     The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

81.     Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon Plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

82.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED:     January 4, 2017
Brooklyn, New York

_____ *AR* _____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:    All  Defendants
Corporation Counsel  of the  City of New York